IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JESSE J. TURNER,
    Petitioner,

vs.                                     Case No. 3:12cv188/MCR/CJK

DAVID MORGAN, et al.,
    Respondents.

## REPORT AND RECOMMENDATION

This cause is before the Court upon petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that the petition should be summarily dismissed because petitioner has not exhausted his available state court remedies and, alternatively, because the *Younger* abstention doctrine applies. *See Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a state pretrial detainee confined at the Escambia County Jail in Pensacola, Florida, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming that his confinement is unlawful. Petitioner alleges that he

was arrested on July 3, 2003 and charged in Escambia County Circuit Court Case No. 2003-CF-003275 with Tampering with Evidence; that he was referred to a Pre-trial Intervention Program ("PTI") on August 29, 2003; that he received notice of unsuccessful termination of the PTI on October 5, 2004; that a criminal summons was issued on November 19, 2004 for petitioner's failure to appear for a court proceeding; and that petitioner was arrested on April 1, 2012, on the felony failure to appear warrant. (Doc. 1, p. 1). Petitioner claims his arrest and detention are unlawful, because the statute of limitations bars his prosecution on the underlying charge. (*Id*., p. 2). As relief, petitioner seeks a hearing and "immediate release." (*Id*.).

## DISCUSSION

A state pretrial detainee may challenge his confinement as unconstitutional by petitioning for habeas corpus relief under 28 U.S.C. § 2241. *Hughes v. Attorney Gen. of* Fla., 377 F.3d 1258, 1261-62 (11th Cir. 2004) (holding that a pretrial petition for habeas corpus relief is properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him); *see also Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) ("State pre-trial detention, for example, might violate the Constitution or the laws or treaties of the United States. Yet a person held in such pre-trial detention would not be 'in custody pursuant to the judgment of a State court.' Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only.").

A § 2241 petition must state a claim that the petitioner is in custody in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2241(c)(3). The petition here raises only a state-law challenge to petitioner's confinement based on Florida's statute of limitations. Even liberally construing the petition as presenting

a federal constitutional claim, it is apparent from the face of the petition that petitioner has not exhausted his available state court remedies, and that the *Younger* abstention doctrines precludes this Court from interfering with the ongoing state criminal proceeding.

Exhaustion

Despite the absence of an exhaustion requirement in the statutory language of 28 U.S.C. § 2241(c)(3), a body of case law has developed holding that federal courts should abstain from exercising its jurisdiction under § 2241, if the issues raised in the petition may be resolved either by trial on the merits in the state court, or by other state procedures available to the petitioner. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-92, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) (addressing issue raised in § 2241 petition only after concluding that the petitioner, a pretrial detainee, exhausted all available state court remedies for consideration of his constitutional claim); *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that exhaustion is required "in all habeas cases," including those brought under § 2241); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of section 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring); *Tooten v. Shevin*, 493 f. 2d 173, 175 (5th Cir. 1974)[1] ("Although federal courts have the power to release state prisoners before trial, the exhaustion requirement must be fulfilled.") (*citing Braden, supra*). The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See Braden*, 410 U.S. at 490-91. In *Braden*, the Supreme Court reiterated that absent "special circumstances," a pretrial detainee may not adjudicate the merits of an absolute defense to a state criminal charge before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. The "derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Braden*, 410 U.S. at 493.

Petitioner was arrested a mere three weeks ago, and the electronic docket of the Escambia County Circuit Court reveals that petitioner has not sought a ruling in state court on the statute of limitations issue.[2] Petitioner is not precluded from asserting his challenge in the state court proceeding. As discussed above, *Braden* does not authorize pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes, absent a petitioner's exhaustion of his state court remedies. *Braden*, 410 U.S. at 493.

## *Younger* Abstention

In *Younger v. Harris, supra*, the Supreme Court established that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364, 109 S. Ct. 2506, 2516, 105 L. Ed. 2d 298 (1989) (hereinafter "*NOPSI*") (citing *Younger*). This decision was based on principles of comity, equity and

---

[2]The Court takes judicial notice of information available at the database maintained by the Clerk of Court, Escambia County Circuit Court, http://www.escambiaclerk.com, viewed this date in *State of Florida v. Jesse Jerome Turner, II*, Case No. 2003-CF-003275. *See* Fed. R. Evid. 201.

federalism.  *NOPSI*, 491 U.S. at 364, 109 S. Ct. 2506 (citing *Younger*, 401 U.S. at 43-44).  Federal courts consistently enforce this limitation on enjoining state criminal prosecutions, unless one of the following limited exceptions apply:  (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised.  *Younger*, 401 U.S. at 45; *see also Hughes*, 377 F.3d at 1261-64 (discussing *Younger*).

No *Younger* exception allows petitioner's § 2241 petition.  Petitioner does not make a "substantial allegation" showing that his state prosecution is motivated by bad faith, nor has he alleged facts entitling him to review under the "irreparable injury" exception.  *See Younger*, 401 U.S. at 48 (noting that bad faith prosecutions are brought with no intention of securing a conviction or with an intention to harass); *id.* at 53-545 (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief).  Further, Florida's state courts have adequate and effective state procedures for review of petitioner's claim either before trial or, in the event petitioner is convicted, through appellate and post-conviction proceedings.  Petitioner presents no argument that would warrant federal court interference in the normal functioning of the state's criminal processes.  This Court should abstain from reaching the merits of petitioner's § 2241 claim.

## CONCLUSION

Summary dismissal is appropriate where it plainly appears from the face of petitioner's habeas petition that petitioner has not exhausted his available state court

remedies and that abstention under *Younger* is required.

Accordingly, it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be DISMISSED without prejudice.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida, this 25th day of April, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).